Filed 7/3/25  P. v. Anguiano CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL GILBERT ANGUIANO,<br><br>    Defendant and Appellant. | D084681<br><br><br><br>(Super. Ct. No. FWV036394) |

APPEAL from an order of the Superior Court of San Bernardino County, Ingrid A. Uhler, Judge.  Affirmed and remanded with instructions.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and James Spradley, Deputy Attorneys General, for Plaintiff and Respondent.

Paul Gilbert Anguiano appeals from a 2024 resentencing order, claiming (1) the trial court abused its discretion in declining to strike a firearm enhancement, (2) the trial court erred by failing to recalculate

custody credits, and (3) the restitution fines listed on the abstract of judgment should be vacated. We conclude Anguiano forfeited his claim as to the firearm enhancement by failing to object. The People concede error as to the custody credits and restitution fines, which concessions we accept. Thus, resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm and remand with instructions to correct certain errors in the abstract of judgment.

I.

In 2008, a jury found Anguiano guilty of first degree murder (Pen. Code, § 187, subd. (a); count 1), attempted murder (§§ 664/187(a); counts 2, 3, and 4), and being a felon in possession of a firearm (former § 12021(a)(1); count 5). The jury also found true certain firearm enhancements (§ 12022.53(c), (d) & (e)(1), counts 1 and 2; § 12022.7(a), count 2; § 12022.53(c) & (e)(1), counts 3 and 4) and that Anguiano committed all offenses for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22(b)(1)). Anguiano was sentenced to 50 years to life in prison, three life sentences, and a determinate term of 43 years and eight months with 1,256 days of credit for time served. He was also ordered to pay $400 total in restitution fines and additional restitution to the victims.

Anguiano was resentenced on June 27, 2024, under section 1172.75. During resentencing, the trial court decided not to strike the firearm enhancements on counts 1 and 2. (§ 12022.53(c), (d) & (e)(1).) Anguiano was resentenced to 75 years to life plus a determinate term of 12 years and four months. The court then ordered the California Department of Corrections and Rehabilitation to recalculate the custody credits based on time already served. The custody credits listed on the second amended abstract of judgment, however, reflect those given originally.

2

II.

A.

Anguiano first argues the trial court abused its discretion in deciding not to strike the firearm enhancement on count 2.

Section 1385 gives the trial court discretion to strike or dismiss enhancements and provides certain guidelines and factors trial courts must consider in exercising their discretion. Yet for this court to consider a claim regarding abuse of such discretion, a party must have first raised the issue at the time of sentencing, or it is forfeited. (*People v. Scott* (1994) 9 Cal.4th 331, 356.)

The People assert this claim is forfeited because Anguiano failed to promptly object to the trial court's decision to not strike the enhancement. We agree. At resentencing, Anguiano did not object to the trial court's exercise of discretion in declining to strike the firearm enhancement. Nor does he claim on appeal any exceptions to forfeiture apply. We therefore conclude this claim is forfeited.

B.

Anguiano next argues the trial court erred by directing CDCR to recalculate custody credits against the newly modified sentence instead of performing the recalculation itself. The People concede error, and we agree.

When resentenced, a defendant shall be credited for time served on the sentence declared invalid or modified. (§ 2900.1.) At resentencing, it is the trial court's duty to determine the total number of days to be credited. (§ 2900.5(d).) Thus, when a defendant's sentence is modified after a defendant has already served time, the trial court must recalculate and apply the time served to the "subsequent sentence." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 33.)

3

We review a question of the trial court's authority de novo. (*People v. Rogers* (2025) 108 Cal.App.5th 340, 354.)

At the 2024 resentencing hearing, the trial court ordered "[c]ustody credits . . . to be recalculated by" CDCR. The court erred in delegating this task. (*Buckhalter*, 26 Cal.4th at p. 29.) We accordingly remand to the trial court to calculate Anguiano's custody credits through the date of his 2024 resentencing.

C.

Finally, Anguiano contends the $400 total in restitution fines included on the second amended abstract of judgment should be vacated. The People concede as much. The People also ask, without opposition, that we order the trial court to correct a second error, a missing enhancement, on the abstract of judgment. We agree with the People and discuss each error in turn.

The oral pronouncement of judgment controls over a contradictory abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Any discrepancy is a clerical error, which an appellate court may order to be corrected on its own motion or upon the application of the parties. (*Ibid.*)

First, the trial court did not address the restitution fines, originally imposed in 2009, at resentencing. Yet the fines are listed on the second amended abstract of judgment. Section 1465.9(d) provides that such fines shall be unenforceable and uncollectable 10 years after the date of imposition. Given these fees were not discussed at resentencing and imposed over 10 years ago, they should be vacated. (*Ibid.*)

Second, the firearm enhancement imposed on count 1 is not listed on the abstract of judgment despite being pronounced at resentencing. Since the oral pronouncement is controlling, the abstract of judgment should be corrected to include the enhancement. (*Mitchell*, 26 Cal.4th at p. 185.)

Accordingly, we remand to the trial court with instructions to correct the abstract of judgment to reflect the oral pronouncement with respect to both the restitution fines and the firearm enhancement on count 1.

### III.

We remand to the trial court to (1) recalculate Anguiano's custody credits through the date of his June 27, 2024 resentencing, (2) vacate the remaining balance of the sections 1202.4(b) and 1202.45(b) restitution fines, and (3) modify the abstract of judgment to accurately reflect the recalculated custody credits, the vacated sections 1202.4(b) and 1202.45(b) restitution fines, and the imposed section 12022.53, subdivisions (c), (d) and (e)(1) firearm enhancement on count 1. The court shall forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation. In all other respects, we affirm.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


RUBIN, J.

5